NELSON P. COHEN
United States Attorney

JOSEPH W. BOTTINI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: joe.bottini@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:04-cr-00076-RRB-JDR |
| | ) |
| Plaintiff, | ) **GOVERNMENT'S OPPOSITION** |
| | ) **TO DEFENDANT'S MOTION FOR** |
| v. | ) **REDUCTION OF SENTENCE** |
| | ) **PURSUANT TO 18 U.S.C. § 3582(C)** |
| MIGUEL FRANCO SEGURA, | ) |
| aka "Alex" | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff United States of America, through its counsel of record, Assistant United States Attorney Joseph W. Bottini, hereby files an opposition to defendant Segura's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c).

In his motion, defendant relies on a recent retroactive amendment to the United States Sentencing Guidelines which lowered the base offense levels applicable under USSG § 2D1.1 to cocaine base ("crack") offenses.

For the reasons set forth herein, the government maintains that this amendment is inapplicable to the defendant, as he was sentenced pursuant to a stipulation between the parties - and accepted by the court - as to the appropriate offense level and resulting guideline range.

## INTRODUCTION

Segura was indicted in May, 2004, for his role in a conspiracy to distribute substantial amounts of crack cocaine in the Anchorage area. Segura was charged with one count of Conspiracy to Distribute in excess of 50 grams of Cocaine Base ("crack") and plead guilty to that charge on November 4, 2004.

The Revised Presentence Report prepared in this case calculated the amount of crack that the defendant was responsible for as **696.8 grams**. That amount resulted in an unadjusted offense level of 36. After reductions for the "safety valve" adjustment (USSG § 5C1.2), and acceptance of responsibility (USSG § 3E1.1), the defendant's adjusted offense level was calculated as Level 31.

Prior to imposition of sentence, Segura and the government entered into a stipulation concerning the appropriate offense level that the defendant should be

sentenced pursuant to. See, "Statement of Reasons" appended to Judgment (Docket No. 70). The parties agreed that Level 27 was the appropriate level and the court accepted that agreement. Id. The resulting sentencing guideline range was 70 - 87 months and Segura was sentenced to 70 months in custody. Id.

# I
## BACKGROUND ON THE RETROACTIVE GUIDELINE AMENDMENT

Section 3582(c)(2) provides authority for the reduction of a defendant's sentence based on a change in the Guidelines, if the Sentencing Commission authorizes such a reduction:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Commission has identified the amendments that may be applied retroactively pursuant to this authority, and it has

articulated the proper procedure for implementing the amendment in a concluded case.[1]  On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c).  Revised Section 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

> (1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

---

[1] Section 1B1.10 implements both 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u), the latter of which provides:  "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."  A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  <u>See, e.g.</u>, <u>United States v. Cueto</u>, 9 F.3d 1438, 1440-41 (9th Cir. 1993); <u>United States v. Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997).

    (2)    <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

        (A)    none of the amendments listed in subsection (c) is applicable to the defendant; or

        (B)    an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

    (3)    <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments that may be applied retroactively under Section 1B1.10(c), effective March 3, 2008.

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See USSG, Supplement to App. C, Amend. 706.[3]

Previously, the Commission had set the entire range in Section 2D1.1 for a given quantity of crack above the applicable mandatory minimum sentence. Under the amendment, the Commission set the offense levels so that the mandatory minimum sentence falls within the range for the quantity of crack that triggers that mandatory minimum penalty. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). The revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams

---

[3] In a separate matter, the Supreme Court recently held in Kimbrough v. United States, 128 S. Ct. 558 (2007), that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months, which encompasses the 60-month mandatory minimum.

The ultimate result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses.

## II

### DEFENDANT'S SENTENCE SHOULD NOT BE REDUCED AS THE DEFENDANT WAS SENTENCED BASED ON A STIPULATION CONCERNING THE APPROPRIATE OFFENSE LEVEL

Segura's motion should be denied because, as stated earlier, his sentence did not rest on the applicable guideline range, but on an express stipulation between the parties (and accepted by the court at sentencing), as to the appropriate offense level and resulting guideline range.  A motion for reduction of sentence under Section 3582(c)(2), based on a retroactive guideline amendment, is irrelevant where the defendant has been sentenced pursuant to such an agreement.  As the Tenth Circuit stated in this context, "the district court should have dismissed [the defendant's Section 3582(c)(2)] motion without considering its merits." United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996); accord United States v. Peveler, 359 F.3d 369, 377-79 (6th Cir. 2004);  United States v. Hemminger, 114 F.3d 1192, 1997 WL 235838 (7th Cir. May 2, 1997) (unpublished).

USA v. Segura
3:04-cr-00076-RRB-JDR                                              7

Here, Segura reached an agreement with the government that Level 27 (4 levels less than the applicable offense level of 31) was the appropriate level and resulting guideline range to be sentenced at.  He cannot now argue that his sentence should be further reduced based upon the recent amendment to the "crack" sentencing guidelines and his motion to reduce his sentencing range further should be denied.   The agreement between the parties resulted in an offense level that was actually substantially less than what it would be if the crack reduction amendment were to be applied.

//

//

//

//

//

//

//

//

//

//

//

## III

## **CONCLUSION**

For the reasons stated above, the government respectfully requests that the defendant's motion be denied.

RESPECTFULLY SUBMITTED this 4th day of April, 2008, at Anchorage, Alaska.

        NELSON. P. COHEN
        United States Attorney

        s/ Joseph W. Bottini
        JOSEPH W. BOTTINI
        Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        222 West Seventh Avenue, #9, Room 253
        Anchorage, Alaska  99513-7567
        Phone: (907) 271-5071
        Fax: (907) 271-1500
        Email: joe.bottini@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on April 4, 2008, via:

(X) Electronic case filing notice

Lance C. Wells, Esq.

s/ Joseph W. Bottini