Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                )<br>              Plaintiff,        )<br>                                )<br>     v.                         )<br>                                )<br>MIGUEL FRANCO SEGURA a/k/a, "Alex")<br>                                )<br>              Defendant.        )<br>_____) | Case No. 3:04-cr-0076-RRB |

**MEMORANDUM OF LAW IN SUPPORT OF REPLY
TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)**

I.   Facts.

Defendant Miguel Franco Segura a/k/a, "Alex" was charged via indictment with one count of a drug conspiracy in violation of 21 U.S.C. §§ 846, 841(a)(1) &(b)(1)(A). Specifically, the indictment alleges that beginning at some exact time, unknown to the grand jury, but at least in or about April 2001, and continuing to on or about May 29, 2003, both dates being approximate and inclusive, within the District of Alaska, defendant Segura did unlawfully and knowingly combine, conspire, confederate, and agree with other persons known and unknown to

*MEMORANDUM OF LAW IN SUPPORT OF REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)
United States of America v. Miguel Franco Segura a/k/a, "Alex"
Case No. 3:04-cr-0076-RRB*                                                    Page 1 of 7

the grand jury, to distribute, and to possess with intent to distribute, 50 grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1)&(b)(1)(A), all which is in violation of Title 21 United States Code, § 846. The indictment is dated May 19, 2004.

On November 4, 2004, Mr. Segura entered a plea of guilty upon the record, without the benefit of any plea agreement whatsoever. Mr. Segura pled as charged in the indictment. No plea agreement was in place. Defendant was going to be sentenced pursuant to "open sentencing" before this court. Subsequently, after a plea colloquia between the court and defendant Segura, his guilty plea was accepted, and sentencing was scheduled.

During the interregnum between the change of plea and the sentencing, a draft presentence report was circulated which calculated the amount of crack that Mr. Segura was responsible as 696.8 grams of crack cocaine, resulting in an unadjusted offense level of 36. Mr. Segura vigorously opposed and filed objections to the amount of crack cocaine as set forth within the draft presentence report, that he was held to be responsible for. Defendant's objections were timely filed.

Mr. Segura was also found eligible for "safety valve adjustment" pursuant to U.S.S.G. § 5C1.2 as well as acceptance

*MEMORANDUM OF LAW IN SUPPORT OF REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)*
*United States of America v. Miguel Franco Segura a/k/a, "Alex"*
*Case No. 3:04-cr-0076-RRB*                                                      *Page 2 of 7*

of responsibility pursuant to U.S.S.G. § 3E1.1 which resulted in an additional 3 levels off the defendant's base offense level. When one then deducts the 2 levels from the safety valve, the defendant's adjusted offense level was calculated as level 31. This, however, does not end the analysis.

Based upon Mr. Segura's objections to the amount of crack cocaine to which the government was attempting to hold defendant accountable through the probation officer's presentence report, and in order to obviate the need for an evidentiary hearing, and, due to the fact that Mr. Segura's objections to the amount of crack cocaine were well grounded, the government and defendant agreed that level 27 was the appropriate level, and the court accepted the agreement. This agreement, however, was not in the context of the plea agreement entered under Federal Rule of Criminal Procedure 11(e)(1)(C). Mr. Segura's sentence was open before the court.

## II. Argument.

At the time of sentencing, the court found Mr. Segura to have a base offense level of 32, less 2 points for safety valve, less an additional 3 points for acceptance of responsibility, for an adjusted offense level of 27 in criminal history category I. Mr. Segura was sentenced to 78 months.

Subsequent to defendant having been sentenced, on November 1, 2007, Amendment 706 became effective. This amendment reduced

*MEMORANDUM OF LAW IN SUPPORT OF REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)*
*United States of America v. Miguel Franco Segura a/k/a, "Alex"*
*Case No. 3:04-cr-0076-RRB*                                                          *Page 3 of 7*

the base offense level for most cocaine base (crack) offenses by 2 levels. On December 11, 2007, the Commission added Amendment 706 to the list of amendments that may be applied retroactively under § 1B1.10(c), effective March 3, 2008. Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007. Amendment 711 also made conforming amendments to the Drug Conversion Chart, which is employed where the offenses of conviction involved crack as well as other controlled substances. In Amendment 706, the Commission generally reduced by 2 levels the offense levels applicable to crack cocaine offenses. Mr. Segura timely filed a motion for resentencing pursuant to 18 U.S.C. § 3582(C) after the amendments went into effect and were declared retroactive. Mr. Segura, as will be seen below, should receive the benefit of a 2 level reduction.

In reviewing the Government's Opposition to Defendant's Motion for Reduction of Sentence, the government relies upon several cases, the first being <u>United States v. Trujeque</u>, 100 F.3d 869 (10th Cir. 1996), where the government argued that the Appellate Court lacked jurisdiction to review Mr. Trujeque's sentence due to the fact that Mr. Trujeque had entered into a Criminal Rule 11(e)(1)(C) agreement. As a result of Mr. Trujeque's agreement with the government, including his sentence, was not "based on a sentencing range" that has

*MEMORANDUM OF LAW IN SUPPORT OF REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)*
*<u>United States of America v. Miguel Franco Segura a/k/a, "Alex"</u>*
*Case No. 3:04-cr-0076-RRB*                                                   *Page 4 of 7*

subsequently been lowered by the Sentencing Commission". See 18 U.S.C. § 3582(c)(2). Instead, Mr. Trujeque's sentence was based on a valid Rule 11(e)(1)(C) plea agreement. The Appeals Court went on to state that the District Court should have dismissed Mr. Trujeque's motion without further considering its merits. This is inapplicable to Mr. Segura, who had no plea agreement of any sort, and pled guilty to the indictment as charged. The subsequent agreement entered into between the government and Mr. Segura, as to his adjusted offense level, was due to nothing more than Mr. Segura's vigorous objections and denials to the amount of crack cocaine contributed to him, and the government's inability to prove and amount suggested by the presentence report writer.

The government then argues the case of <u>United States v. Peveler</u>, 359 F.3d 369 (6th Cir. 2004), which held absent an agreement of the parties, the plain language of the current version of Rule 11(e)(1)(C), now Rule 11(c)(1)(C), generally precludes the District Court from altering the parties' agreed sentence under 18 U.S.C. § 3582(C). This conclusion was held to apply despite the retroactivity of a subsequent amendment to a relevant Guideline utilized to determine the defendant's sentence. Again, it is important to point out that defendant Segura did not plead with the benefit of a plea agreement. He

*MEMORANDUM OF LAW IN SUPPORT OF REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)*
*United States of America v. Miguel Franco Segura a/k/a, "Alex"*
*Case No. 3:04-cr-0076-RRB*                                                    Page 5 of 7

was not subject to any type of binding plea agreement. The government's reliance on this case is misplaced.

Lastly, the government relies on an unpublished decision of <u>United States v. Hemminger</u>, 114 F.3d 1192, 1997 W.L. 235838 (7th Cir. May 2, 1997), which held that a defendant is entitled to contest a plea under Rule 11(e)(1)(C), on the same grounds that any other plea may be challenged--that it was involuntary, that it was the result of ineffective assistance of counsel, that the indictment does not state an offense, and so on. But <u>Hemminger</u> does not want to withdraw his plea and go to trial; he does not contend that the plea is infirm on any legal or factual ground; instead, he wants to keep the benefits of the plea while receiving a lower sentence. That possibility is one he bargained away in 1990. Having received the benefit of his agreement, <u>Hemminger</u> must accept the portions favorable to the prosecutor. The government's reliance on this case is again misplaced, as with the other cases cited above by the government. Again, Mr. Segura did not enter a guilty plea with the benefit of any type of plea agreement, much less a Criminal Rule 11(e)(1)(C) agreement. Mr. Segura should and is entitled to receive the full benefit of the retroactive application of the crack amendments.

## II. Conclusion.

Mr. Segura should be sentenced under an offense level 25, with an advisory sentencing range of 57 - 71 months. Mr. Segura

*MEMORANDUM OF LAW IN SUPPORT OF REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)*
*United States of America v. Miguel Franco Segura a/k/a, "Alex"*
*Case No. 3:04-cr-0076-RRB*                                                *Page 6 of 7*

should be sentenced to the low end of this range of 57 months. Mr. Segura should be able to have this court impose the sentence of 57 months, as Mr. Segura was already found to have been eligible for the safety valve, along with acceptance of responsibility. For the foregoing reasons, the government's motion and opposition must be denied

DATED at Anchorage, Alaska, this 23rd day of April 2008.

LAW OFFICES OF LANCE C. WELLS, P.C.

By: _/s/ Lance C. Wells_____

Attorneys for defendant,
Miguel Franco Segura a/k/a, "Alex"
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on
April 23, 2008, a copy
of the foregoing was served
electronically:

Joseph Bottini, AUSA

 /s/ Lance C. Wells

*MEMORANDUM OF LAW IN SUPPORT OF REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)*
*United States of America v. Miguel Franco Segura a/k/a, "Alex"*
*Case No. 3:04-cr-0076-RRB*                                                               Page 7 of 7